

FILED
2017 Jul-13 PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| ANDREA LYLE ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| Vs. ) | |
| ) | |
| BASF CHEMISTRY, Inc ) | CASE NO.: |
| a CORPORATION, and ) | |
| KELLY SERVICES, Inc, ) | |
| a CORPORATION, ) | |
| ) | JURY TRIAL DEMANDED |
| DEFENDANTS ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991,and 1981(a) for sexual harassment, sexually hostile working environment retaliation and violation of Alabama state law.

## JURISDICTION AND VENUE

1. JURISDICTION of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343(4) and 28 U.S.C. §§ 2201 and 2202. for unlawful sexual harassment, sexually hostile working environment and retaliation. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## ADMINSTRATIVE PREREQUISITES

2. The plaintiff has met all administrative conditions precedent for the filing of this case pursuant to Title VII. Plaintiff was issued a Dismissal and Notice of Rights to Sue on April 14, 2017 on EEOC Charge number 420-2017-00591. Kelly Services. Plaintiff was issued a second Dismissal and Notice of Right to Sue on May 31, 2017, EEOC Charge number 420-2017-00589. Plaintiff is filing her action within 90-days of receipt of each Notice of Right to Sue from the EEOC. Plaintiff's other claims do not require administrative exhaustion.

## PARTIES

3. Andre Lyle (hereinafter Lyle) is a female and was employed with the defendant BASF Chemistry as a temporary employee through Kelly Services. Lyle is a citizen of the United States and is a resident of Madison County, Alabama. Lyle is a person aggrieved under the statue.

4. The Defendant BASF CHEMISTRY , is a government entity operating and doing business in the State of Alabama, at all times relevant to this action.

5. The Defendant, KELLY SERVICES (hereinafter Kelly), is a labor services firm that offers temporary labor as need to employers. Kelly Services, upon information and belief, is a Michigan corporation doing business in Madison County, Alabama.

## STATEMENT OF FACTS

6. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 5 above with the same force and effect as if fully set forth in specific detail herein.

7. Lyle, on or about March 14, 2016 was offered a temporary machine operator position at BASF in Huntsville, Alabama through Kelly Services. Also working at the plant for BASF as a full time employee was Tony Allen, an African American male and machine operator for BASF. Lyle's contract was suppose to last for one year from March 2016 through March 2017.

8. Not long after Lyles employment began, Allen began to sexually harass her. This sexual harassment included Mr. Allen would travel from his area of the plant over to the area occupied by Lyle and he would come up behind her and grab her against her will and hug her from the back, he would also grab her by

her waist, rub her arms and shoulders. At all times Allen's actions were unwelcomed by Lyles.

9. Allen would also grind his stomach against her butt and rub his hands across the small of her back. This happened almost every time they worked together which was about three days per week. Moreover, Allen never talked to to Lyle, he simply came over and rubbed or grinded on her and then left. Lyle was very afraid of Allen's conduct which "creeped her out because Allen never said anything to her and he would also come over to her area and just stand and stare or leer at her for an extended period of time. This continued up until the filing of Lyle's EEOC Charge of sexual harassment on or about December 5, 2016.

10. **Lyle reported the sexual harassment to two of her supervisors, Andrew Blevins and Todd Pickett**. After Lyle reported the sexual harassment, she was told that the supervisors reported the sexual harassment to Human Resources, however, she was told that H.R. did not find any sexual harassment.

11. Lyle later receive an anonymous note that stated," **you should have kept your mouth shut**."Lyle reported this threatening note to the On-Site Manager Kathy Wells. Wells informed Lyles that she was not aware of any previous reporting of sexual harassment or any investigation into Lyles claims of Sexual Harassment. Lyles had also given her first two supervisors, Blevins and Pickett, names of witness although Lyles was later told that there were no witnesses to her

claims of sexual harassment ! Upon information and belief the defendants, whether singular or plural, refused to conduct an investigation into Lyles claims of sexual harassment and failed to enforce their Sexual Harassment Policy.

12. Upon information and belief other female employees or temporary employees were also sexually harassed at BASF and at least one quit her job because of ongoing unwelcomed sexual harassment.

13. Following Lyles reporting Sexual Harassment to her supervisor, Kathy Wells, Lyles was informed that her contract with BASF was up, however, two male employees who were employed through Kelly Services were all owed to continue working, upon information and belief , until the end of the contract term in March 2017. Lyles appointment was terminated in December 2016 in retaliation for her having opposed and reported sexual harassment.

## CAUSES OF ACTION

## COUNT I- VIOLATION OF TITLE VII: SEXUAL HARASSMENT SEXUALLY HOSTILE WORKING ENVIRONMENT

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 above with the same force and effect as if fully set forth in specific detail herein.

15. Lyle was subjected to unwanted and unwelcomed sexual harassment at the hands of her co-worker Tony Allen.  The alleged sexual harassment was

severe and pervasive and physically threatening and altered the terms and conditions of her employment. Defendants BASF and Kelly Services knew or should have known Allen's sexual harassment of Lyle and taken prompt, effective remedial action. Instead, Lyle was sexually harassed until her appointment was terminated in December in retaliation for Lyle having reported unlawful sexual harassment.

16. The actions of Allen also created a Sexually Hostile Working Environment in violation of Title VII.

17. Moreover, **Lyle reported the sexual harassment** by Allen to her supervisors, Andrew Blevins and Todd Pickett. Upon information and belief, Blevins and Pickett failed to report Lyles claims to Kathy Wells On-Site Manager or to Human Resources which led to continued sexual harassment by Allen of Lyles.

18. The Plaintiff was directly affected by these practices by being deprived of the right to work in an environment free from racial discrimination and his employment was terminated because of his race.

19. As a consequence and effect of defendant's unlawful conduct and practices, plaintiff has been and is now deprived of income and other compensation and benefits due her because of his sex, female.

20.     Plaintiff further has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendants unlawful discriminatory conduct.

21.     Defendants engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

22.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, compensatory and punitive damages, injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

23.     The Plaintiff is now suffering and will continue to suffer irreparable injury for the defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## COUNT II - RETALIATION IN VIOLATION OF SECTION 704(a) OF TITLE VII

24.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 above with the same force and effect as if fully set forth in specific detail herein.

25. Lyle has been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended Section 704(a), in that after Lyle reported unlawful sexual harassment for the second time to Wells, her On-Site manager, within a very short time frame Lyles appointment was terminated in December of 2016, however, she had initially been informed that her appointment would last through March 2017.

26. Lyle has been discriminated against and retaliated against for opposing and reporting unlawful and unwelcomed sexual harassment. The effect of the defendant's retaliation has been to deprive the plaintiff of the right to oppose discriminatory business practices in violation of Title VII of the Civil Rights Act of 1964, and Section 704(a), as amended, the Civil Rights Act of 1991.

27. The Plaintiff was directly affected by these practices by being deprived of the right to work in an environment free from racial discrimination and his employment was terminated because of his race.

28. As a consequence and effect of defendant's unlawful conduct and practices, plaintiff has been and is now deprived of income and other compensation and benefits due her because of his sex, female.

29. Plaintiff further has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendants unlawful discriminatory conduct.

30. Defendants engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

31. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, compensatory and punitive damages, injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

32. The Plaintiff is now suffering and will continue to suffer irreparable injury for the defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## I.  PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court will assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the action of Defendant described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII,

2. Grant the Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII;

3. Issue an injunction ordering this Defendant: (1) not to engage in sexual

harassment, sexually hostile working environments or retaliation; (2) ordering Defendant to establish written policies and procedures against discriminatory conduct; (3) and to establish a grievance procedure for reporting such conduct;

4.  Grant the Plaintiff an Order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest) and by awarding Plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5.  The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

RESPECTFULLY SUBMITTED,

/s/ Byron R. Perkins
BYRON R. PERKINS (PER039)
Attorney for Plaintiff

**OF COUNSEL:**
**PERKINS-LAW, LLC**
2170 Highland Avenue South, Suite 100
Birmingham, Alabama 35205
Phone: 205-558-4696
bperkins@perkins-law.com

## PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL

**BASF CORPORATION**
**9800 Kellner Road S.W.**
**Huntsville, Alabama 35824**


**KELLY SERVICES**
**6241 University Drive S.W.**
**Huntsville, Alabama 35806**