## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ANDREA LYLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 5:17-cv-1178-LCB** |
| | ) | |
| **BASF CHEMISTRY, INC., and** | ) | |
| **KELLY SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

The plaintiff, Andrea Lyle, filed this case on July 13, 2017, asserting claims for sexual harassment and retaliation against BASF Chemistry, Inc. ("BASF"), the company where she formerly worked, and Kelly Services, Inc. ("Kelly Services"), the staffing company that placed her in a temporary position at BASF.[1]  This opinion addresses defendants' *third* joint motion to dismiss plaintiff's claims for failure to comply with court orders.[2]

### Background

Judge Madeline Hughes Haikala, to whom the case was then assigned, entered a Scheduling Order on December 19, 2017, setting a discovery deadline of July 2, 2018,

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 47.

and a dispositive motion deadline of July 30, 2018.[3]   Kelly Services filed a motion for a discovery conference on April 16, 2018, because the plaintiff had failed and/or refused to provide responses to written discovery requests.[4]   Judge Haikala conducted a telephone conference on April 18, 2018, and entered an order the same date, requiring plaintiff to comply with all outstanding discovery requests by April 27, setting plaintiff's deposition for May 8, and extending the party deposition deadline to May 31, 2018.[5] Plaintiff's attorney filed a notice on April 30, three days *after* the deadline to respond to discovery requests, stating that he had not been able to get in touch with his client to compile discovery responses in compliance with the court's order.[6]

Defendants followed with a joint motion, filed May 4, 2018, to dismiss plaintiff's claims for want of prosecution, or, alternatively, to extend the deadline for plaintiff's deposition.[7]   Defendants asserted that the plaintiff's attorney had not responded to any of their communications to resolve the remaining discovery disputes, and that they would not be able to proceed with the plaintiff's deposition on May 8, without first receiving her responses to their written discovery.   Judge Haikala granted defendants' motion to the extent that it requested a continuance of the plaintiff's deposition, and required both

---

[3] Doc. no. 24 (Scheduling Order).

[4] Doc. no. 25 (Motion Requesting Discovery Conference).

[5] *See* doc. no. 27 (Text Order).

[6] Doc. no. 28 (Plaintiff's Notice to the Court).

[7] Doc. no. 29 (Motion to Dismiss for Want of Prosecution or, Alternatively to Extend Deadline for Deposition).

the plaintiff and her attorney to participate in a telephone conference on May 10, 2018.[8] The day after that conference, Judge Haikala entered an order requiring the plaintiff to comply with all of defendants' outstanding discovery requests by May 24, setting the plaintiff's deposition for June 21, and extending the party deposition deadline to July 2. Judge Haikala also extended the overall discovery deadline to September 3, and the dispositive motion deadline to October 1.[9]

Plaintiff did not provide the discovery required by Judge Haikala's May 11 order, and defendants filed a second joint motion to dismiss plaintiff's claims for want of prosecution on May 25, 2018.[10] Judge Haikala required the plaintiff to show cause by June 5, 2018, why the motion should not be granted.[11] Plaintiff responded that she had provided written discovery responses to defendants' attorneys on June 2, that she had a cold and an unspecified chronic illness, and that her work schedule made it difficult for her to travel.[12] She also asserted that the defendants were not prejudiced by her delay in producing discovery because her deposition was still more than ten days away, and defendants also had the benefit of the facts gathered during their own investigation and

---

[8] Doc. no. 30 (Text Order).

[9] *See* doc. no. 31 (Text Order).

[10] Doc. no. 32 (Motion to Dismiss for Want of Prosecution).

[11] *See* doc. no. 33 (Text Order).

[12] Doc. no. 34 (Plaintiff's Response to Defendant's Motion to Dismiss and the Court's Show Cause Order), at ¶ 8.

the EEOC's investigation.[13]   After a telephone conference on June 19, 2018, in which the plaintiff personally participated, Judge Haikala entered an order dismissing the case due to plaintiff's failure to prosecute.[14]

The next day, however, the attorney for defendant Kelly Services filed a notice that, despite his contrary representations during the previous day's telephone conference, plaintiff had in fact delivered discovery responses to his office.[15]   Based on that notice, Judge Haikala entered an order on June 28, 2018, vacating the order of dismissal, reinstating the case, striking all of the plaintiff's objections to defendants' discovery requests as untimely, instructing the plaintiff to provide complete responses within fourteen days, and requiring the parties to submit a revised proposed scheduling order within seven days.[16]   A Revised Scheduling Order was entered on July 11, 2018, imposing deadlines of September 15, 2018 for depositions and November 21, 2018 for dispositive motions.[17]   The Revised Scheduling Order also stated:

> No additional discovery is allowed except as provided herein with respect to outstanding discovery served on Plaintiff by the Defendants. Pursuant to this Court's Order dated June 28, 2018 (Doc. 40), *Plaintiff has waived all objections to Defendants' outstanding written discovery requests and must respond with complete answers to Defendants'*

---

[13] *Id.* at ¶ 10.

[14] Doc. no. 37 (Text Order Setting Telephone Conference); doc. no. 38 (Order Granting Motion to Dismiss for Lack of Prosecution).

[15] Doc. no. 39 (Notice of Correction of the Record).

[16] Doc. no. 40 (Text Order).

[17] Doc. no. 41 (Revised Scheduling Order).

> outstanding discovery requests, previously served on Plaintiff by Kelly Services, Inc. and BASF Chemistry, Inc. on or before **July 12, 2018.** To the extent that Defendant(s) determine that the supplemental responses received by [sic] Plaintiff are inadequate and thus require supplemental requests, Defendant(s) may serve additional discovery related thereto. The parties have waived their right to designate an expert witness.[18]

The July 12 deadline was later extended to July 16.[19]

The motion considered in this opinion (defendants' *third* motion to dismiss) was filed on July 20, 2018. The defendants assert that, even though the plaintiff finally did serve interrogatory responses on July 16, the responses contained both general and written objections, in violation of Judge Haikala's Revised Scheduling Order, and that, even though plaintiff did produce some documents in June, she never submitted a formal response to BASF's requests for production of documents. Defendants requested plaintiff to supplement her responses, but she did not do so before defendants filed the pending motion. Based upon the plaintiff's continued failure to adequately respond to discovery, defendants request that her claims be dismissed or, alternatively, that the plaintiff and her attorney be sanctioned in the amount of $2,000.[20]

Judge Haikala entered an order on August 31, 2018, requiring plaintiff to show cause why her claims should not be dismissed and continuing all unexpired deadlines in

---

[18] *Id.* at ¶ 2 (italics supplied, boldface emphasis in original).

[19] Doc. no. 42 (Plaintiff's Motion for Additional Time); doc. no. 43 (Text Order).

[20] *See* doc. no. 47 (Third Joint Motion to Dismiss Based on Plaintiff's Failure to Comply with Court's Orders).

the Revised Scheduling Order pending a ruling on the third motion to dismiss.[21] Plaintiff responded to the show cause order on September 14, 2018, with mostly irrelevant information.[22] Her only substantive response was to insist that she had complied with her discovery obligations by submitting revised responses to defendants' discovery requests on July 15, 2018.[23] Defendants filed a joint reply on September 21, 2018,[24] and the case was reassigned to the undersigned on October 26, 2018.[25]

On November 19, 2018, this court held a hearing on the defendants' third joint motion to dismiss. Defense counsel asserted, among other things, that the plaintiff has still failed to provide BASF with a formal response to its requests for production of documents. When asked about this failure to produce, plaintiff's counsel stated, "I have no excuse for that whatsoever."[26] Plaintiff's counsel also admitted that other responses to the defendants' interrogatories were inadequate.[27]

Defense counsel also asserted that the discovery the plaintiff did provide was

---

[21] Doc. no. 52 (Order).

[22] For example, plaintiff describes her substantive claims, reiterates that she had a cold in June and works during the week, and claims that defendants did not suffer prejudice because her deposition date is more than ten days away (when, in actuality, the deposition was continued altogether pending a ruling on the third motion to dismiss). Doc. no. 54 (Plaintiff's Response to Defendant's Third Motion to Dismiss and for Sanctions).

[23] *See id.* at Exhibits C & D.

[24] Doc. no. 56 (Defendants' Joint Reply to Plaintiff's Response to Defendants' Third Motion to Dismiss and for Sanctions).

[25] *See* doc. no. 57 (Notice of Reassignment).

[26]Transcript of November 19, 2018, Hearing, at 17.

[27]Transcript of November 19, 2018, Hearing, at  16.

deficient and gave the court examples of the plaintiff's incomplete responses to their interrogatories. To illustrate, defense counsel pointed to the plaintiff's response to interrogatory number 14, which asked the plaintiff to "[d]escribe in detail any and all forms of care, treatment, or consultation that you have received in the last 10 years" from any healthcare providers including the identities of the providers, the nature of the treatments, the dates of treatments, and the amounts of any expenses incurred for such treatments.[28] The plaintiff's response was as follows: "I have not sought any medical care as a result of the actions in this case."[29] This answer was nonresponsive to the interrogatory because the interrogatory was not limited to medical care relating to the plaintiff's case. Defense counsel explained that Lyles's medical records were necessary because, he said, there were "various times in which Ms. Lyle represented to management of my client that she had to be out, or that she suffered from cancer at one point, or she had to be out for this illness or that illness. And we're testing the credibility of those things."[30]

When asked about this particular interrogatory at the hearing, plaintiff's counsel told the court that the plaintiff did not want anybody to know certain aspects of her medical history for "some reason that she has not been able to articulate" and had

---

[28]Doc. 47-1, at 22.

[29]Doc. 47-1, at 24.

[30]Transcript of November 19, 2018, Hearing, at 11.

instructed him not to reveal certain diagnoses.[31]   Plaintiff's counsel told the court that the defendants would be able to get the information they needed by taking the plaintiff's deposition, "with the exception of her medical records and medical history, which we still do not believe is relevant to these claims...."[32]   Thus, the plaintiff represented that she would continue to withhold discovery from the defense.

Discussion

The defendants cannot be expected to adequately prepare for the plaintiff's deposition or any subsequent motions for summary judgment armed only with her incomplete and non-compliant discovery responses.   In their joint motion to dismiss, the defendants have asked this court to dismiss Lyle's case, or, in the alternative, impose monetary sanctions.   The Eleventh Circuit has held that dismissal with prejudice is "an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'"   *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (citations omitted).   Dismissal is not an abuse of discretion "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process."   *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982). Dismissal "is thought to be more appropriate in a case where a

---

[31] Transcript of November 19, 2018, Hearing, at 12.

[32] Transcript of November 19, 2018, Hearing, at 14.

party, as distinct from counsel, is culpable." *Id.* (citing *Gratton v. Great American Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999)).

The Eleventh Circuit has affirmed a district court's decision to dismiss a case with prejudice in similar situations. In *Shortz v. City of Tuskegee, Ala.*, 352 Fed. Appx. 355, 357-58 (11th Cir. 2009), the defendants filed a motion to compel production in which it asserted that the plaintiff's "responses to their interrogatories were unsworn, incomplete, and evasive, and that [the plaintiff] had provided no documents in response to their request for production of documents." The plaintiff was warned by the magistrate judge that failure to comply with the court's orders could result in dismissal. Nevertheless, the plaintiff failed to provide complete and adequate responses to defendants' discovery requests, explaining that he had been injured and that he had no money. *Id.* at 357-58. The Eleventh Circuit held that because the plaintiff "failed to enunciate any compelling reason for failing to comply with the court's repeated orders to respond to the defendants' discovery requests, the district court correctly found that [the plaintiff's] failure to comply was a result of willfulness or bad faith." *Id.* at 359-60, citing *Malautea v. Suzuki Motor co., Ltd.*, 987 F. 2d 1536, 1542 (11th Cir. 1993). Accordingly, the Eleventh Circuit held that "[t]he district court did not abuse its discretion in dismissing with prejudice [the plaintiff's] claims." *Id.* at 359.

Here, the repeated discovery failures appear to be attributable to both plaintiff and

her attorney. In fact, the court asked plaintiff's counsel what percentage of the delay was attributable to him and what percentage was attributable to the plaintiff. Counsel replied, "[p]robably 60 percent of it is mine, Your Honor."[33] It appears to the court that the plaintiff has failed to make herself reasonably available to her attorney for the purpose of responding to discovery inquires, and her attorney failed to ensure that his responses and filings complied with court orders. A review of the record in this case indicates that this pattern of conduct has been ongoing for several months and that, despite repeated warnings from the judge previously assigned to this case, has continued until the present. The plaintiff's continued failures reach beyond the bounds of reason or negligence and can only be considered a pattern of willful or bad faith conduct. At the hearing on this matter, plaintiff's counsel's arguments and assertions did not convince this court that anything would change going forward. In fact, plaintiff's counsel stated that he would need an additional three weeks to fully respond to the defendants' discovery requests.

This court recognizes that dismissal with prejudice is a harsh sanction. Thus, the court has considered allowing the plaintiff additional time to respond to the outstanding discovery requests and has also considered the imposition of monetary sanctions. However, based on the arguments presented at the hearing and the plaintiff's repeated refusal to fully comply with the court's orders, this court finds that monetary sanctions would not be sufficient to correct the behavior that the plaintiff and her attorney have

---

[33]Transcript of November 19, 2018, Hearing, at 18.

demonstrated in this case. Accordingly, the defendants' motion to dismiss is due to be granted.

DONE and ORDERED November 26, 2018.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE